[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By complaint dated March 24, 1999, the plaintiff husband, Richard Ritchie, commenced this action seeking a dissolution of marriage on the ground of irretrievable breakdown and other relief. After the parties did not appear at a case management conference on July 26, 1999, the matter was dismissed. On September 14, 1999, the case was reopened. By agreement of the parties, pendente lite orders were entered for the husband to CT Page 6996 transfer $100, 000.00 to the wife via a Qualified Domestic Relations Order, said transfer without prejudice to either party at the time of final disposition. Further, the transfer was to be considered a part of an equitable distribution transfer of the parties' assets in connection with their divorce.
The parties intermarried on July 21, 1972 when the husband was eighteen and the wife was nineteen years of age. The husband has resided continuously in the state of Connecticut for at least twelve months prior to the filing of this action. All statutory stays have expired. Three children have been born to the parties since the date of the marriage. Only one child, Christopher, born March 28, 1988, is a minor. No state or municipal agency has or is contributing to the support of the parties or their minor child.
The plaintiff husband is 47 years of age and has a B.S. degree in mechanical engineering. He is presently an engineer at Pratt and Whitney. Prior to receiving his Bachelor's Degree in 1995, he was a machine tool mechanic at Pratt and Whitney and he attended night school working on his degrees. Between 1985 and 1997, the husband attended school and worked at Pratt and Whitney. He indicates no health problems.
The wife is 48 years of age and has a high school degree. During the first thirteen years of their marriage, she was a part-time waitress and a home daycare provider. She also cared for the couple's children full-time including the period of time when her husband attended night school. She also returned to school in the early 1990's and received an Associate's degree in Communication Arts in 1995. During the marriage, it was understood by both parties that the wife was the primary caregiver for the children.
There is no dispute that the wife engaged in an extramarital affair in 1996, and that the couple agreed to continue to work on their marriage at that time because Christopher was so young. They engaged in counseling but while the husband attended six sessions, the wife attended only two. After the second session, the wife refused to attend further counseling.
In February 1997, despite the fact that the husband offered to leave and to continue to pay the household bills, the wife vacated the marital home and moved to New Britain. She asked the husband to keep Christopher in the family home. On one occasion after the separation, the husband gave the wife a check for $350.00 but she returned the check to him and thereafter did not request financial assistance from him.
There is no dispute that the wife cared for the children in the home while the husband worked at his job and earned his undergraduate and CT Page 6997 advanced degrees. There is also no dispute that the wife left the family home in 1997 and has not returned, that she has sought and found employment, and that she currently earns approximately $30,000.00 per year.
The court has considered all of the testimony and exhibits entered at trial as well as the factors set forth in Connecticut General Statutes Secs. 46b-81, 46b-82, and 46b-62 and other pertinent statutes, the parties' earnings, and earning capacity differentials, and the consequences of the financial awards set forth below. Judgment shall enter dissolving the marriage of the parties on the ground of irretrievable breakdown. It is further ordered that:
1. Custody
There is no dispute over the child's custody. The parties have agreed to joint custody of the minor child with primary residence with the husband and it is therefore ordered. The parties plan to continue the access plan afforded to the mother since the time of the separation in 1997 and to modify it by the parties' agreement. The wife shall be awarded reasonable rights of visitation.
Each of the parents shall continue to have a full and active role in providing a sound ethical, economic, and educational environment for the child. These powers shall not be exercised for the purpose of frustrating, denying, or controlling in any manner the social development of the child by the other parent. The parents shall exert their best efforts to work cooperatively to develop future plans for the child consistent with the best interests of the child and to amicably resolve such disputes as may arise from time to time.
Recognizing the abiding need for the maintenance of a sense of dual parenthood for the benefit of the child and recognizing the deep and abiding love that each parent has for the child, the parties shall work together to maintain free, open and unhampered contact between the child and the parents. Each of the parties shall allow the child to maintain free access with the other parent when the child is in residence with them, and foster a feeling of affection between the child and the other parent. Neither parent shall do anything that will estrange the child from the other parent, which will injure the opinion of the child as to the other parent or which will impair the natural development of the child's love and respect for each of the parents.
2. Financial orders
In fashioning these orders, the court has also considered the statutory CT Page 6998 requirements, and in particular, the differentials in earing capacity between the husband and the wife, their individual abilities to accrue a pension, and the contributions of the wife to the care of the children and the home in the early years of the marriage, particularly during the period of time when the husband earned his educational degrees.
a. Child Support
Pursuant to Child Support guidelines, the wife shall pay to the husband $70.00 per week for the support and maintenance of the child.
b. Medical insurance and Unreimbursed Expenses
1. Each party shall be responsible for their own health insurance and unreimbursed medical expenses.
2. The husband shall be responsible for providing medical and dental insurance for the benefit of the minor child as available through his place of employment and at reasonable cost to him. The husband shall pay 75% of any copays and unreimbursed medical and dental expenses for the child. The wife shall be responsible for 25%.
c. Asset Distribution
1. The wife shall retain her RAV4 vehicle, her savings account, her deferred compensation account and any pension that she has accrued.
2. The wife shall receive 60% of the remaining assets valued at $315,178.00. Her share equals $189,106.00. The wife shall quitclaim her interest in the marital home valued at $196,000 minus a $77,000.00 mortgage and minus $10,000.00 attributed to the husband's inheritance contribution. In addition to the earlier QDRO transfer to the wife of $100,000.00 as agreed upon and ordered by the court, said distribution shall be facilitated by an additional Qualified Domestic Relations Order in the amount of $89,106.00.
d. Alimony
In view of the context in which the parties' separation occurred and the fact that a larger percentage of the assets has been awarded to the wife, the court makes no alimony award to either party.
e. Taxes
The parties shall alternate the minor child as an income tax deduction. Husband shall have odd years, wife shall have even years. CT Page 6999
f. Liabilities and Debts
Each party is responsible for debts in their own name and for their own attorney's fees.
Prestley, J.